■ DAVID DELORY et al., Appellants, v. GEORGE MARDIGAN, Respondent.— Appeal by plaintiffs from a judgment of the Supreme Court, entered upon a jury verdict of no cause of action. The plaintiff David Delory was the owner and driver of a car which was involved in a collision with a car owned and operated by the defendant Mardigan upon the intersection of private roadways of a "shopping center" at Latham, New York. David Delory sought to recover for property damage to his automobile and for derivative damages because of his wife's injuries. The wife, Cora Delory, a passenger in her husband's car, sought recovery for her injuries. The plaintiffs' version is that defendant's car did not stop at a privately erected stop sign and struck the plaintiff car at about the front door. Defendant's version is that he did stop and that, while he was standing still, the plaintiff car collided with him — right front bumper to his left front bumper — and brushed past to scrape the front door of the plaintiff car. All agree that there was very heavy traffic at the time upon this private parking lot. Because the accident did not happen upon a public highway, only the general rule of reasonable care under the circumstances is appli-

cable. Although plaintiffs had a witness tending to corroborate their version, the jury, after careful instruction to which no exception was taken, found for the defendant. Implicit in the verdict is a finding that the defendant was not negligent, and hence even the passenger was denied recovery. The only ground urged upon this court for a reversal and a new trial is that the verdict is against the weight of evidence. It seems to be a clear example of two widely divergent versions of a collision submitted to a jury for determination. The jury obviously has adopted the defendant's version, which was within its province, and there is adequate evidence to support such a determination. Under such circumstances the judgment should not be disturbed by an appellate court. Judgment unanimously affirmed, without costs.